**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **WILSON GABRIEL CASTRO PALACIOS,** | ) | |
| **Plaintiff,** | ) | **CASE NO. 1:25-cv-1887** |
| **- v -** | ) | |
| **ORVILLE O. DUNK,** | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

**COMPLAINT FOR A CIVIL CASE**

Plaintiff Wilson Gabriel Castro Palacios ("Castro" or "Plaintiff"), by and through his attorneys, Twersky PLLC, hereby files this Complaint, and in support thereof, upon information and belief avers as follows:

## I. PARTIES

1. Plaintiff Wilson Gabriel Castro Palacios is a natural person and resides in Queens County, New York.

2. Upon information and belief, Defendant Orville O. Dunk is a natural person and resides in Harris County, Texas.

## II. JURISDICTION AND VENUE

3. The Confidentiality, Non-Disclosure, Non-Compete and Non-Circumvent Agreement that Defendant entered into and breached, has a venue provision of Williamson County, Texas, which is located in the Western District of Texas, Austin Division. The Agreement expressly applies Texas law. Therefore, venue is properly located in this Court.

4. Upon information and belief, Defendant is a citizen of Texas. Plaintiff is a citizen of New York. As indicated below, the amount in controversy exceeds $75,000, exclusive of interest and costs of court. Therefore, under 28 U.S.C. § 1332, jurisdiction is properly located in this Court.

## III. INTRODUCTION AND STATEMENT OF CLAIM

5. Plaintiff brings this action for claims of, *inter alia*, breach of contract, unjust enrichment, tortious interference with a contract, and breach of fiduciary duty stemming from a contract and non-disclosure agreement executed between the parties relating to the administration of a first-division Ecuadorian soccer team, Club Deportivo Cuenca ("Cuenca Sports Club").

6. Plaintiff, an accomplished businessman, created and marketed a lucrative administrative plan to revitalize the Cuenca Sports Club.

7. After securing the deal with the Cuenca Sports Club, via a membership vote, Plaintiff enlisted Defendant Orville O. Dunk ("Defendant") to invest in the Cuenca Sports Club.

8. Defendant agreed to invest and participate in the venture.

9. In order to participate in the deal, Defendant signed a Confidentiality, Non-Disclosure, Non-Compete and Non-Circumvent Agreement (the "Agreement").

10. After the Agreement was signed, Plaintiff relied on the Agreement and disclosed pertinent and confidential details regarding the administrative plan to Defendant, as well as confidential details relating to his deal with the Cuenca Sports Club (the "Confidential Information").

11. Plaintiff disclosed the Confidential Information with the understanding that Defendant would act in the venture's interest.

12. Following Plaintiff's disclosure of the Confidential Information to Defendant, Defendant breached the Agreement, bypassed Plaintiff and used the information disclosed to him in confidence to move forward with the Cuenca Sports Club on his own.

13. Defendant surreptitiously used the Confidential Information to directly compete with Plaintiff and remove him from the deal with the Cuenca Sports Club.

14. As a result, Plaintiff was damaged by losing his contract with the Cuenca Sports Club, all proceeds from the deal, and his entire business relationship with the Cuenca Sports Club.

15. Accordingly, Plaintiff was forced to bring this Action.

## IV. BACKGROUND & FACTS

### A. The Cuenca Sports Club

16. The Cuenca Sports Club is a preeminent soccer club founded in Cuenca, Ecuador on March 4, 1971.

17. The Cuenca Sports Club plays in a Series-A league, the top soccer league in Ecuador, and is the third highest ranking team in Ecuador.

18. In 2004, the Cuenca Sports Club won its first championship.

19. As such, the Cuenca Sports Club is a prominent and revered team.

20. The Cuenca Sports Club is also a non-profit entity, managed and administrated by its fans through a paid membership.

21. Since the Cuenca Sports Club is membership-managed, all decisions for the Cuenca Sports Club are done through membership votes.

22. In 2019, the Cuenca Sports Club was in dire financial straits and began to falter, due to a lack of proper administration of the club.

23. Due to these financial difficulties, the Cuenca Sports Club requested help from the public and invited anyone to submit management proposals for the team.

24. Plaintiff Wilson Gabriel Castro Palacios proposed a plan entitled Project for 50 Years of Glory ("Castro's Proposal").

25. Castro's Proposal proposed managing Cuenca Sports Club like a business in order to make the team lucrative.

26. Castro's Proposal proposed that for a term of 15 years, Castro would be Executive President of an entity created for the administration of the Cuenca Sports Club.

27. This entity would own the licensing rights for the players and the Cuenca Sports Club.

28. Additionally, under Castro's Proposal, Castro would invest Four Million Dollars into the Cuenca Sports Club, and in exchange would receive 50% of the Cuenca Sports Club's annual profits.

29. Castro expended much time, money and effort in putting together his Proposal.

30. Cuenca Sports Club seriously considered, reviewed and publicized three management proposals, one of which was Castro's Project for 50 Years of Glory, so that the membership could vote on the one it wanted to implement.

31. On or about September 24, 2020, the election was held and Castro's Proposal, Project for 50 Years of Glory, won the membership vote by a landslide, obtaining more votes than the other two proposals combined.

32. Subsequently, Castro began to look for investors to contribute to the Project for 50 Years of Glory.

33. Castro contacted Juan Padilla ("Padilla"), owner of Sports Pro Development, LLC d/b/a SPD Sports, a known sports-organizer, who in turn introduced Castro to Defendant Orville O. Dunk.

34. Padilla claimed Dunk would be a good investor for Castro's Proposal, because he had purportedly invested in a small American soccer team previously.

35. Before speaking with Defendant, Castro requested he sign a Confidentiality, Non-Disclosure, Non-Compete and Non-Circumvent Agreement in order to protect the Confidential Information contained in Castro's Proposal.

36. Therefore, on or about July 10, 2020, Defendant signed the Agreement.

37. After the Agreement was signed, Castro provided Defendant with the details of the Project for 50 Years of Glory and his business plan to rejuvenate the Cuenca Sports Club.

38. Defendant agreed to invest and participate in the Project for 50 Years of Glory, and to provide Two Million Dollars for the implementation of Castro's Proposal and the venture overall.

39. Plaintiff and Defendant intended to work jointly toward the shared business goal of the Project for 50 Years of Glory.

40. However, instead of remaining an investor in the plan, Defendant used the Confidential Information Castro provided him in blatant breach of the Agreement he signed, to cut Castro out of the deal with the Cuenca Sports Club completely, and to implement the plan without him.

41. This was done without a membership vote, and by using the work and Confidential Information provided by Castro to Defendant.

42. Because of Dunk's actions, Castro lost his financial investment and opportunity to profit in the Project for 50 Years of Glory.

43. Subsequently, Defendant assisted in implementing a similar plan with the Cuenca Sports Club, signed a contract with the team and took Castro's position of Executive President.

## V. CAUSES OF ACTION

### A. <u>Breach of Contract</u>

44. Plaintiff Wilson Gabriel Castro Palacios repeats and re-alleges the allegations previously stated herein, inclusive, with the same force and effect as if set forth at length herein.

45. Plaintiff Wilson Gabriel Castro Palacios and Defendant Orville O. Dunk are parties to the Confidentiality, Non-Disclosure, Non-Compete and Non-Circumvent Agreement.

46. As detailed above, Defendant Orville O. Dunk has breached his obligations under the Confidentiality, Non-Disclosure, Non-Compete and Non-Circumvent Agreement, by using the Confidential Information to circumvent the business of Plaintiff.

47. Defendant Orville O. Dunk's conduct was unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

48. By reason of the foregoing, Defendant Orville O. Dunk is liable to Plaintiff Wilson Gabriel Castro Palacios for actual and punitive damages in an amount to be determined at trial, which is not less than $2,500,000.00 (Two Million Five Hundred Thousand Dollars), plus interest, costs, attorneys' fees and the expenses of this action.

### B. <u>Tortious Interference with Contract</u>

49. Plaintiff Wilson Gabriel Castro Palacios repeats and re-alleges the allegations previously stated herein, inclusive, with the same force and effect as if set forth at length herein.

50. Plaintiff Wilson Gabriel Castro Palacios and third-party the Cuenca Sports Club had a valid contract.

51. Defendant Orville O. Dunk had knowledge of the contract between Plaintiff and the Cuenca Sports Club.

52. As detailed above, Defendant Orville O. Dunk intentionally interfered with the contract between Plaintiff and the Cuenca Sports Club, which triggered and caused the Cuenca Sports Club to breach the contract it had with Plaintiff.

53. Defendant Orville O. Dunk's conduct was unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

54. By reason of the foregoing, Defendant Orville O. Dunk is liable to Plaintiff Wilson Gabriel Castro Palacios for actual and punitive damages in an amount to be determined at trial, which is not less than $2,500,000.00 (Two Million Five Hundred Thousand Dollars), plus interest, costs, attorneys' fees and the expenses of this action.

**C. <u>Unjust Enrichment</u>**

55. Plaintiff Wilson Gabriel Castro Palacios repeats and re-alleges the allegations previously stated herein, inclusive, with the same force and effect as if set forth at length herein.

56. Defendant Orville O. Dunk was enriched by using Plaintiff's Confidential Information to usurp Plaintiff's contract with the Cuenca Sports Club for himself.

57. As explained above, in doing so, Defendant secured payments from the Cuenca Sports Club for himself, instead of and at the expense of Plaintiff.

58. It is against equity and good conscience to permit Defendant to retain these monies at the expense of Plaintiff.

59. Defendant's conduct was unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

60. By reason of the foregoing, Defendant Orville O. Dunk is liable to Plaintiff Wilson Gabriel Castro Palacios for actual and punitive damages in an amount to be determined at trial, which is not less than $2,500,000.00 (Two Million Five Hundred Thousand Dollars), plus interest, costs, attorneys' fees and the expenses of this action.

**D. <u>Breach of Fiduciary Duty</u>**

61. Plaintiff Wilson Gabriel Castro Palacios repeats and re-alleges the allegations previously stated herein, inclusive, with the same force and effect as if set forth at length herein.

62. Plaintiff Castro approached Defendant Dunk with the intent for Defendant to join him in a joint venture to rejuvenate the Cuenca Sports Club.

63. Before providing Defendant with more details about the venture, Plaintiff provided Defendant with a Confidentiality, Non-Disclosure, Non-Compete and Non-Circumvent Agreement, and asked Defendant to sign it.

64. Defendant signed the Confidentiality, Non-Disclosure, Non-Compete and Non-Circumvent Agreement, in order to protect the Confidential Information contained in Plaintiff's Proposal.

65. Plaintiff provided Defendant with the details of the Project for 50 Years of Glory, and his business plan to rejuvenate the Cuenca Sports Club.

66. Defendant agreed to form a share venture with Plaintiff, and to invest in the Project for 50 Years of Glory, thereby entering into a fiduciary relationship.

67. Defendant breached his fiduciary duties owed to Plaintiff, by using the Confidential Information that Plaintiff provided him in blatant breach of the Agreement he signed, to cut Plaintiff out of the deal with the Cuenca Sports Club completely, and to implement the plan without him.

68. Subsequently, Defendant assisted in implementing a similar plan with the Cuenca Sports Club, signed a contract with the team and took Castro's position of Executive President.

69. As a result, Plaintiff lost his financial investment and opportunity to profit in the Project for 50 Years of Glory.

70. Defendant's conduct was unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

71. By reason of the foregoing, Defendant Orville O. Dunk is liable to Plaintiff Wilson Gabriel Castro Palacios for actual and punitive damages in an amount to be determined at trial, which is not less than $2,500,000.00 (Two Million Five Hundred Thousand Dollars), plus interest, costs, attorneys' fees and the expenses of this action.

## VI. RELIEF SOUGHT

72. WHEREFORE, Plaintiff Wilson Gabriel Castro Palacios demands judgment against Defendant Orville O. Dunk as follows:

A. On the First Cause of Action, Breach of Contract, Defendant Orville O. Dunk is liable to Plaintiff Wilson Gabriel Castro Palacios for actual and punitive damages in an amount to be determined at trial, which is not less than $2,500,000.00 (Two Million Five Hundred Thousand Dollars), plus interest, costs, attorneys' fees and the expenses of this action;

B. On the Second Cause of Action, Tortious Interference with Contract, Defendant Orville O. Dunk is liable to Plaintiff Wilson Gabriel Castro Palacios for actual and punitive damages in an amount to be determined at trial, which is not less than $2,500,000.00 (Two Million Five Hundred Thousand Dollars), plus interest, costs, attorneys' fees and the expenses of this action;

C. On the Third Cause of Action, Unjust Enrichment, Defendant Orville O. Dunk is liable to Plaintiff Wilson Gabriel Castro Palacios for actual and punitive damages in an amount to be determined at trial, which is not less than $2,500,000.00 (Two Million Five Hundred Thousand Dollars), plus interest, costs, attorneys' fees and the expenses of this action;

D. On the Fourth Cause of Action, Breach of Fiduciary Duty, Defendant Orville O. Dunk is liable to Plaintiff Wilson Gabriel Castro Palacios for actual and punitive damages in an amount to be determined at trial, which is not less than $2,500,000.00 (Two Million Five Hundred Thousand Dollars), plus interest, costs, attorneys' fees and the expenses of this action; and

E. For such other and further relief as the Court may deem just and proper.

## VII. CERTIFICATION AND CLOSING

73. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for

further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date of signing: November 20, 2025

**NAMAN, HOWELL,**
**SMITH & LEE, PLLC**

By: /s/ Stephanie S. Potter

Stephanie S. Potter
State Bar No. 24065923
spotter@namanhowell.com
8310 N. Capital of Texas Highway
Suite 490
Austin, Texas 78731
Tel: (512) 479-0300
spotter@namanhowell.com

**TWERSKY PLLC**

By: /s/ Aaron Twersky

Aaron Twersky, Esq.
*Pro Hac Vice* Application Forthcoming
747 Third Avenue, 32nd Floor
New York, New York 10017
Tel: (212) 425-0149
atwersky@twerskylaw.com

*Attorneys for Plaintiff*
*Wilson Gabriel Castro Palacios*